**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LAMAR D. JORDAN, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-200 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| MONTGOMERY COUNTY CHILD | : | |
| SUPPORT ENFORCEMENT | : | Magistrate Judge Caroline H. Gentry |
| AGENCY, *et al.*, | : | |
| | | |
| Defendants. | | |

---

**ENTRY AND ORDER: GRANTING DEFENDANTS MONTGOMERY COUNTY CHILD SUPPORT ENFORCEMENT AGENCY'S MOTION TO DISMISS (DOC. NO. 13); GRANTING MOTION OF DEFENDANT MORAINE POLICE DEPARTMENT TO DISMISS PLAINTIFF'S COMPLAINT (DOC. NO. 18); AND, GRANTING DEFENDANTS OHIO BURUEA (sic) OF MOTOR VEHICLES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. NO. 21)**

---

Presently before the Court are three separate motions to dismiss Plaintiff Jamar D. Jordan's ("Jordan") Amended Complaint (Doc. No. 10), filed by Defendants the Montgomery County Child Support Enforcement Agency (the "MCCSEA"), the Moraine Police Department (the "MPD"), and the Ohio Bureau of Motor Vehicles (the "BMV") (collectively, "Defendants"), respectively. (Doc. Nos. 13, 18, 21.)  In short, Jordan has brought a civil rights suit, alleging injury related to Defendants' efforts to enforce Jordan's child support obligations under Ohio law. (Doc. No. 10 at PageID 23-24.)  In response, the MCCSEA filed Defendants Montgomery County Child Support Enforcement Agency's Motion to Dismiss (the "MCCSEA Motion") (Doc. No. 13), seeking dismissal of Jordan's claims against it on the ground that MCCSEA is not *sui juris*. (Doc. No. 13 at PageID 39-40.)  The MPD has likewise filed its Motion of Defendant Moraine Police

1

Department to Dismiss Plaintiff's Complaint (the "MPD Motion") (Doc. No. 18), similarly arguing, *inter alia*, that the MPD is not *sui juris*. (Doc. No. 18 at PageID 66-67.) Finally, in Defendants Ohio Buruea (sic) of Motor Vehicles' Motion to Dismiss Plaintiff's Amended Complaint (the "BMV Motion") (Doc. No. 21), the BMV contends that Jordan's claims against the bureau must be dismissed because Jordan bases those claims on criminal statutes which do not provide a private cause of action. (Doc. No. 21 at PageID 109-10.)

As set forth herein, the Court **GRANTS** the MCCSEA Motion, the MPD Motion, and the BMV Motion (collectively, the "Motions").

## I.  BACKGROUND

Again, Jordan has brought this action, alleging that Defendants unlawfully infringed upon his rights when enforcing his child support obligations under Ohio law. (Doc. No. 10 at PageID 23-24.) Respecting the MCCSEA, Jordan suggests that the MCCSEA improperly handled and shared his personal information with other state agencies when conducting child support enforcement. (*Id.* at PageID 24.) Jordan goes on to claim that the BMV, an allegedly unlawful recipient of Jordan's personal information, defrauded him under 18 U.S.C. §§ 1028 and 1341. (*Id.*) And, lastly, Jordan alleges that the MPD conspired to violate his civil rights, as proscribed by 18 U.S.C. §§ 241 and 242. (*Id.*) Throughout these allegations, Jordan takes the stance of a sovereign citizen or some mutation thereof. (*Id.* (referring to his interaction with MPD officers as an attempt "to contract with me by giving me a citation that I refused and recission").)

Jordan originally filed his Complaint (Doc. No. 1) on February 14, 2025, in the United States District Court for the Southern District of Ohio, Eastern Division, alleging a civil rights claim against the MCCSEA. The Complaint was then transferred to this seat of Court in June of 2025, after Jordan eventually paid his filing fee. (Doc. No. 6.) Once here, the Court ordered

2

Jordan to file an amended complaint by August 29, 2025.  (Doc. No. 8.)  Jordan did ultimately file his Amended Complaint naming the Defendants[1], though he did so on September 30, 2025, more than a month later than was ordered.  (Doc. No. 10)

By December 2025, Defendants began submitting their Motions for the Court's consideration.  (*See* Doc. No. 10.)  The MCCSEA Motion was filed on December 10, 2025.  (Doc. No. 13.)  Jordan timely lodged a response in opposition to the MCCSEA Motion on December 29, 2025 (Doc. No. 17), and the MCCSEA filed a reply brief on January 12, 2026 (Doc. No. 23).  The MPD filed its Motion on December 29, 2025 (Doc. No. 18), but Jordan made not effort at a responsive brief.[2]  The BMV filed the BMV Motion on January 6, 2026, and, again, Jordan has failed to respond in any way.  Consequently, each of the Motions being fully briefed or the time for such briefing having lapsed, the Court considers Defendants' Motions ripe for review and decision.

## II.     <u>STANDARD OF REVIEW</u>

"The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (citing *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] By his Amended Complaint, Jordan also named the Ohio Department of Job and Family Services ("ODJFS"). However, as the Court has indicated in its Order to Show Cause Regarding Service of Process (Doc. No. 25), the ODJFS has yet to be served and, therefore, the Court will disregard the allegations Jordan makes against ODJFS for the purposes of this Order.

[2] The MPD filed a reply in support of the MPD Motion on January 27, 2026 (Doc. No. 24).  But, with no response having been made, the Court will disregard the MPD's reply brief in this instance.

for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Id.* at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III. <u>ANALYSIS</u>

For the sake of chronological consistency, the Court considers the Motions currently at issue in the order in which they were filed. Thus, the Court reviews the MCCSEA Motion, the MPD Motion, and the BMV Motion in succession.

#### a. <u>The MCCSEA Motion</u>

The Court turns first to the MCCSEA Motion. There, the MCCSEA succinctly argues that it is a local agency incapable of being sued under Ohio law. (Doc. No. 13 at PageID 39-40.) For his part, Jordan essentially responds by saying, "Child Support Enforcement Agencies are frequently sued …." (Doc. No. 17 at PageID 50.)

The MCCSEA has the right of it. Pursuant to Fed. R. Civ. P. 17(b)(3), state-affiliated parties like the MCCSEA only possess a capacity to be sued to the extent provided "by the law of the state where the court is located." Pertinent here, under Ohio law, branches of county government "lack[] the capacity to be sued." *Jones v. State*, No. 3:15-cv-325, 2015 WL 5562309, at *4 (S.D. Ohio Sept. 22, 2015), report and recommendation adopted, *Jones v. Dewine*, No. 3:15-cv-325, 2015 WL 5999363 (S.D. Ohio Oct. 15, 2015); *see also Souare v. State of Ohio Child Support*, No. 5:25-cv-476, 2025 WL 1398781, at *1 (N.D. Ohio May 13, 2025) ("[S]ub-units of government … lack the capacity to sue or be sued") (citations and internal formatting omitted). As was the case in *Jones*, the MCCSEA is a local sub-unit of government without the capacity to be sued. As such, Jordan has not stated a claim against the MCCSEA because he cannot as a matter of law.

### b. **The MPD Motion**

Focusing on the MPD Motion, the Court initially acknowledges that Jordan has previously levied similar allegations to the ones at bar against the MPD in OHSD Case No. 3:25-cv-47. Indeed, the Court in that case dismissed Jordan's allegations with prejudice, leading the MPD to now contend that Jordan's claims are barred by *res judicata*. (Doc. No. 18 at PageID 63-66.) While the Court suspects the MPD's argument in this respect is wholly meritorious, the Court cannot definitively say whether the factual allegations against the MPD in Jordan's previous case refer to the same incident(s) as the allegations made against the MPD here. Therefore, to err on the side of caution and review Jordan's Amended Complaint on the merits, the Court considers the MPD's alternative arguments.

In particular, the MPD Motion finds purchase in the principle that local police departments are incapable of being sued in the State of Ohio. (*See* Doc. No. 18 at PageID 66-67.) "Indeed

5

police departments are generally not sui juris under Ohio law." *Warman v. Mount. St. Joseph Univ.*, 144 F.4th 880, 891 (6th Cir. 2025) (citing *Petty v. Cnty. of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007); *Carmichael v. City of Cleveland*, 571 F. App'x. 426, 435 (6th Cir. 2014)).  As a matter of law then, Jordan simply cannot maintain a cause of action against the MPD.  The MPD is a sub-unit of the municipality it serves and is, therefore, not *sui juris*.

### c.  **The BMV Motion**

Looking last to the BMV Motion, the BMV avers, *inter alia*, that Jordan's claims against the BMV must be dismissed because those claims are predicated on criminal statutes that do not provide a private cause of action.  (Doc. No. 21 at PageID 109-10.)  In this vein, the statutes underpinning Jordan's claims against the BMV are 18 U.S.C. § 1028, for "fraud in connection with identity documents," and mail fraud, pursuant to 18 U.S.C. § 1341.  (Doc. No. 10 at PageID 24.)

The Court finds the BMV's contention to be correct.  Generally, "[a] private citizen has no authority to initiate a federal criminal prosecution." *Saro v. Brown*, 11 F. App'x. 387, 388 (6th Cir. 2001) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).  For a criminal statute to offer a private cause of action, it must do so expressly by its own terms.  *See e.g.*, *United States ex rel. Goodman v. Arriva Med., LLC*, 471 F. Supp. 3d 830, 833-34 (M.D. Tenn. 2020).

In Jordan's case then, the Court must look to whether either 18 U.S.C. §§ 1028 or 1341 provide private causes of action by their own terms.  That neither statute does carry a private right of action is well-settled.  *Saro*, 11 F. App'x. at 388 ("Violations of [18 U.S.C. §§ 1341 and 1343] do not give rise to independent, private causes of action") (citing *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997)); *see also Moore v. Garner*, No. 2:19-cv-4032, No.

2:19-CV-4032, 2019 WL 7050140, at *3 (S.D. Ohio Dec. 23, 2019), report and recommendation adopted, No 2:19-cv-4032, 2020 WL 416083 (S.D. Ohio Jan. 27, 2020) ("[T]he federal criminal statute addressing fraud and related activity in connection with identification documents, 18 U.S.C. § 1028, does not create a private civil cause of action or provide a basis for civil liability") (collecting cases). Accordingly, the Court finds that Jordan has failed to state a claim against the BMV.

## IV.   CONCLUSION

Based on the foregoing the Court hereby:

1. **GRANTS** Defendants Montgomery County Child Support Enforcement Agency's Motion to Dismiss (Doc. No. 13). Accordingly, Jordan's claims against the MCCSEA are **DISMISSED WITH PREJUDICE**;

2. **GRANTS** the Motion of Defendant Moraine Police Department to Dismiss Plaintiff's Complaint (Doc. No. 18). Accordingly, Jordan's claims against the MPD are **DISMISSED WITH PREJUDICE**; and

3. **GRANTS** Defendants Ohio Buruea (sic) of Motor Vehicles' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 21). Accordingly, Jordan's claims against the BMV are **DISMISSED WITH PREJUDICE**.

Today's decision does not entirely dispose of the instant action and, therefore, this Order is **NOT A FINAL APPEALABLE ORDER**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, February 9, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

7